In re Richard Dean **TINDALL** and Grace Ann **Tindall,** Debtors.

Bankruptcy No. 93–05628–8G7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 30, 1994.

Perry G. Gruman, Tampa, FL, for debtors.

Charles L. Weissing, Tampa, FL, for trustee.

John A. Moffa, Tampa, FL, for movant.

## ORDER ON UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came on for consideration on the United States Trustee's Motion to Dismiss Chapter 7 Case Pursuant to 11 U.S.C. § 707(b). In the Motion, the U.S. Trustee requests that this Chapter 7 case be dismissed pursuant to § 707(b) because granting relief would be a substantial abuse of the provisions of Chapter 7 of the Bankruptcy Code. Richard Dean Tindall and Grace Ann Tindall (Debtors) filed a response justifying their expenses and claiming that they are unable to pay a meaningful portion of their total unsecured debt.

The facts relevant to the resolution of this Motion, as established by the record and at hearing, are as follows: Richard Dean Tindall is retired from the United States Air Force and Grace Ann Tindall is employed, and has been for 14 years, by Northwest Airlines, Inc. The husband's retirement income is stable, and although the wife's income has been reduced recently because of a company-wide expense reduction, there is no indication that her employment will terminate in the near future. On May 20, 1993, the Debtors filed a voluntary Petition for relief under Chapter 7 of the Bankruptcy Code. An examination of the Debtors' Schedules of Assets and Liabilities indicates the following: (1) there is one creditor with a secured claim totalling $81,000.00, secured by the Debtors' homestead; (2) there are no priority creditors holding claims; and (3) there are 13 general unsecured creditors holding claims in the scheduled amount of $75,961.28, all of which were incurred by credit card purchases. In their Schedules of Current Income and Expenditures, the Debtors show a combined monthly income of $4,628.86, and total monthly expenses of $5,381.07. The reduction in the wife's income reduces the combined monthly income to $4,347.84. Accordingly, scheduled expenses exceed the Debtors' income by $1,033.23.

The U.S. Trustee alleges that the Debtors actually have monthly disposable income. It asserts that their monthly expense budget should not contain at least the following items which the Debtors have included: cash reserve for newer car—$600.00; hospital expense reserve—$100.00; and home repairs of $729.00. Without these items in the budget, the Debtors would have monthly expenditures of $3,952.07, leaving a net disposable income of $395.77. The U.S. Trustee also points out that the budget includes other items such as recreation expense of $325.78, transportation expense (not including car payments, car insurance, or the reserve for a newer car) of $542.13, which the U.S. Trustee argues are excessive considering the financial condition of the Debtors. The U.S. Trustee argues that the Debtors have the ability to pay a substantial portion of their creditors, their income is stable, and the Chapter 7 filing was not precipitated by a sudden illness or calamity. Based on these facts, the U.S. Trustee asserts that the Chapter 7 case should be dismissed.

Section 707 of the Bankruptcy Code authorizes a court to dismiss a case under Chapter 7 if the filing represents a substantial abuse of that Chapter:

> (b) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

When evaluating possible dismissal of a Chapter 7 case under § 707(b), it is important to consider: (1) whether the debts are primarily consumer debts; and (2) whether the granting of relief would be a substantial abuse of the provisions of Chapter 7. Additionally, there is a presumption in favor of granting the relief requested by the debtor.

■ All of the debts in this case are consumer debts. The secured debt is a note and mortgage for the Debtors' residence, which is a consumer debt. *See In re Kelly,* 841 F.2d 908, 913 (9th Cir.1988). The thirteen scheduled items of unsecured debt are all for credit card purchases, and the Debtors do not dispute that these are consumer debt.

■ There are a number of bankruptcy court and circuit court cases discussing guidelines for determining substantial abuse of Chapter 7. In all of these, the ability to repay creditors is a factor which is considered. In some cases it is the exclusive factor; in others, the primary factor. This Court agrees with the reasoning in the case *In re Green,* 934 F.2d 568 (4th Cir.1991), in which the ability to repay creditors is a factor to be considered along with other factors. That case concludes that the substantial abuse determination must be made on a case by case basis, in light of the totality of the circumstances. In *Green,* the court stated at page 572:

> The 'totality of the circumstances' approach involves an evaluation of factors such as the following:

> 1. Whether the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment;

> 2. Whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to repay;

> 3. Whether the debtor's proposed family budget is excessive or unreasonable;

> 4. Whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition; and

> 5. Whether the petition was filed in good faith.

> Exploring these factors, as well as the relation of the debtor's future income to his future necessary expenses, allows the court to determine more accurately whether the particular debtor's case exemplifies the real concern behind Section 707(b): abuse of the bankruptcy process by a debtor seeking to take unfair advantage of his creditors. The debtor's relative solvency may raise an inference that such a situation exists. Nevertheless, in light of the statutory presumption that a debtor's Chapter 7 petition should be granted, solvency alone is not a sufficient basis for finding that the debtor has in fact substantially abused the provisions of Chapter 7.

■ The Court shall utilize the factors outlined in *Green* to evaluate this case.

1. *Whether the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment.* In this case, the petition was not filed because of sudden illness, calamity, disability, or unemployment. The husband testified that he pursued three failed business ventures, and the Debtors simply were not able to pay expenses. This is not like the loss of employment; there are risks inherent in business ventures which do not accompany regular employment. While the circumstances are unfortunate, there is no sudden illness, calamity, disability, or unemployment.

2. *Whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to repay.* The Debtors have carefully budgeted their expenses, and their regular, stable income does not allow

them to meet their projected expenses. It is apparent that the Debtors have made consumer purchases far in excess of their ability to repay.

3. *Whether the debtor's proposed family budget is excessive or unreasonable.* The Court believes that the Debtors' proposed family budget is excessive and unreasonable. The Debtors' proposed budget contains both budgeted expenses and reserves for future anticipated expenses. It includes a cash reserve for a newer car of $600.00 per month, in addition to a transportation expense of $542.00 per month (which includes a reserve of $222.00 for projected repair expenses, and a reserve of $200.00 for projected major expenses). It includes a food budget of $645.00 for two people. It includes $325.00 per month for recreation expenses (which includes a $100.00 reserve for a vacation, and $90.00 monthly for haircuts, perms, nails, etc.). Also, it includes a home maintenance expense of $1,219.00 per month, which consists of $707.00 per month for forecast actual expenses within the next 12 months, and a savings reserve of $512.00 per month for projected future costs of items which the Debtors will wish to replace at the conclusion of their estimated useful lives. While some of these are necessary items, others are items such as a television set in the master bedroom, a microwave, a VCR, and a remote control stereo. Additionally, the reserves proposed to be set aside currently are for the replacement of items which, with few exceptions, have remaining estimated useful lives of 3, 5, 7, and 10 years. By budgeting current reserves for future expenses, the Debtors are asking that their present creditors (which may have helped, directly or indirectly, obtain many of these items) remain unpaid so the Debtors will be able to obtain new items at a later time. The Court does not believe it is appropriate to require the current creditors to remain unpaid so the Debtors can reserve for many of the forecast actual expenses[1] and many of the projected future replacement expenses.[2,3]

It is not this Court's function to propose a budget for the Debtors, but it is this Court's task to evaluate whether the budget they have proposed is excessive or unreasonable. The Court believes that this proposed budget is excessive and unreasonable.[4]

4. *Whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition.* The Court believes that the Debtors' schedules and statement of current income and expenses accurately reflect the true financial condition. The husband is a thorough and detail-oriented person. The income is accurately stated and the expenses are carefully budgeted. If the Debtors had sufficient income to pay their current debts and fund this budget, it would be a prudent

---

1. The Court does not believe it is appropriate to require the present creditors to remain unpaid so the Debtors can reserve for many of the forecast actual expenses, such as a T.V. set in the master bedroom. Some of the other items, such as a new fence and gate, linoleum replacement and fireplace repair, appear to be cosmetic or not actually necessary.

2. The Court does not believe it is appropriate to require the present creditors to remain unpaid so the Debtors can reserve for many of the projected future replacement expenses, such as a refrigerator which may be needed in 8 years, a sofa which may be needed in 6 years, a loveseat which may be needed in 3½ years, a sofa which may be needed in 3½ years, a washer and a dryer which may be needed in 5 years, a microwave which may be needed in 3 years as well as a stove which may be needed in 3 years, a mattress and box springs which may be needed in 5 years, a garage door opener which may be needed in 4 years, new telephones which may be needed in 3 years, a VCR for their family room which may be needed in 2 years, a new television set in their family room which may be needed in 2 years, a remote control stereo which may be needed in 4 years, a new roof which may be needed in 13 years, replacing carpet which may be needed in 3 years, and painting the interior of their house which may be needed in 3 years. These future needs, some of which are for necessary items and some of which are for luxuries, are not certain and are well in the future, and their cost should not be borne by current creditors.

3. The Court also notes that there are two reserves for miscellaneous expenses which total $450.00 per year. While some cushion is appropriate, these reserves in combination with the numerous other reserves are excessive.

4. The Court believes that a budget which is more in line with current, reasonably necessary expenses would enable the Debtors to pay a substantial amount of their consumer debt under a Chapter 13 plan.

budget. While the Court believes that the schedules are accurate, it does not believe that the amounts or reserves are reasonable in the situation where the Debtors also have unsecured consumer debt totaling $75,961.28.

5. *Whether the petition was filed in good faith.* With respect to whether the petition was filed in good faith, the Court finds no expressed unscrupulous motive in the filing of the petition. The Debtors are in their early 60's, one is retired, and they are planning for the other's retirement. They are careful planners and must view this petition as a way of assuring their later comfort. While the Court is sympathetic with this motive, this does not outweigh the other factors.

Considering these factors, in view of the totality of the circumstances, this Court believes that the Motion of the United States Trustee should be granted and the petition should be dismissed pursuant to 11 U.S.C. § 707(b).

Accordingly,

**IT IS ORDERED** that:

1. The United States Trustee's Motion to Dismiss Chapter 7 Case is granted and this case is dismissed.

2. Dismissal will be delayed for 10 days from the entry of this Order to allow the Debtors to file a notice of voluntary conversion to Chapter 13, if they wish.