**IN RE: Michael John ST. JEAN, and Kim Ann St. Jean, Debtors.**

**Case No. 3:09–bk–6745–PMG**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division

Signed January 24, 2011

---

William E. Horne, Jr., Jacksonville, FL, for Debtors.

Jill E. Kels, Miriam G. Suarez, Office of the United States Trustee, Orlando, FL, for U.S. Trustee.

Chapter 7

### ORDER ON MOTION TO DISMISS PURSUANT TO 11 U.S.C. SECTION 707(b)(1)

PAUL M. GLENN, Chief Bankruptcy Judge

**THIS CASE** came before the Court to consider the Motion to Dismiss Pursuant to 11 U.S.C. Section 707(b)(1) filed by Donald F. Walton, the United States Trustee for Region 21 (the UST). (Doc. 45). The Debtors, Michael John St. Jean and Kim Ann St. Jean, filed a written Response to the Motion. (Doc. 58).

A threshold issue presented by the Motion and Response is whether the UST may file a motion to dismiss a case pursuant to § 707(b) if the case was originally filed under Chapter 13 of the Bankruptcy Code and later converted to a case under Chapter 7. The Court finds that § 707(b) applies to converted cases.

Additionally, the Court finds that the Debtors in this case are individuals whose debts are primarily consumer debts within the meaning of § 707(b) of the Bankruptcy Code. The presumption of abuse has arisen under § 707(b)(2), and has not been rebutted by a showing of special circumstances. Consequently, the UST's Motion to Dismiss should be granted.

### Background

The Debtors filed a petition under Chapter 13 of the Bankruptcy Code on August 12, 2009.

On November 22, 2009, the Debtors filed a Second Amended Chapter 13 Plan. (Doc. 19).

On December 23, 2009, the Court entered an Order Confirming Chapter 13 Plan, Allowing Claims, and Directing Distribution. (Doc. 22).

On March 11, 2010, the Chapter 13 Trustee filed a Motion to Dismiss for Failure to Make Confirmed Plan Payments. (Doc. 27).

On April 7, 2010, the Debtors filed a Notice of Conversion from Chapter 13 Case to Chapter 7 Case. (Doc. 30).

On May 24, 2010, the UST entered a statement on the docket that the case was presumed to be an abuse under § 707(b) of the Bankruptcy Code.

On June 23, 2010, the UST filed a Motion to Dismiss Pursuant to 11 U.S.C. Section 707(b)(1) Based on Presumption of Abuse Arising under 11 U.S.C. Section 707(b)(2) and Abuse Arising under 11 U.S.C. Section 707(b)(3). (Doc. 45). In the Motion, the UST asserts that the Debtors' annualized current monthly income is $127,963.80, which exceeds the median income for a household of four in Florida, and that the Debtors' disposable income is $2,357.38 per month (or at least $141,442.72 over a 60–month term). Accordingly, the UST contends that the Debtors' case is presumed to be an abuse under § 707(b) of the Bankruptcy Code. (Doc. 45, pp. 4–7).

On October 31, 2010, the Debtors filed a written Response to the Motion. (Doc. 58). The Debtors do not attempt to rebut the presumption of abuse by demonstrating special circumstances pursuant to § 707(b)(2)(B) of the Bankruptcy Code. Instead, the Debtors assert that the provisions of § 707(b) do not apply to their case for two reasons.

First, the Debtors assert that § 707(b) applies only to cases "filed by an individual debtor under this chapter." Since their case was originally filed under Chapter 13, and not Chapter 7, the Debtors contend that § 707(b) does not apply to their converted case. Second, the Debtors assert that § 707(b) should not apply to their case because their debts are not "primarily consumer debts" within the meaning of the statute.

### Discussion

For the reasons discussed below, the Court finds that § 707(b) applies to cases that were initially commenced as Chapter 13 cases and later converted to Chapter 7

cases. Additionally, the Court finds that the Debtors in this case are individuals with primarily consumer debts under § 707(b) of the Bankruptcy Code.

### I. "Filed by an individual debtor under this chapter"

Section § 707(b)(1) of the Bankruptcy Code provides in part:

**11 USC § 707. Dismissal of a case or conversion to a case under Chapter 11 or 13**

. . .

(b)(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, (or bankruptcy administrator, if any), or any party in interest, may dismiss *a case filed by an individual debtor under this chapter* whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title if it finds that the granting of relief would be an abuse of the provisions of this chapter.

11 U.S.C. § 707(b)(1)(Emphasis supplied). A threshold question under § 707(b)(1) is whether the section applies only to cases that were initially "filed under" Chapter 7, or whether it also applies to cases that were initially filed under another chapter, but later converted to a case under Chapter 7.

The decisions that have addressed the issue are not unanimous. A number of courts have held that § 707(b)(1), or the related presumption of abuse analysis under § 707(b)(2), applies to converted cases. *Justice v. Advanced Control Solutions, Inc.,* 2008 WL 4368668 (W.D.Ark.); *In re Willis,* 408 B.R. 803 (Bankr.W.D.Mo.2009); *In re Kellett,* 379 B.R. 332 (Bankr.D.Or. 2007); *In re Kerr,* 2007 WL 2119291 (Bankr.W.D.Wash.); *In re Perfetto,* 361 B.R. 27 (Bankr.D. R.I.2007).

Other courts, however, have held that converted cases are not subject to dismissal or the abuse analysis under § 707(b) of the Bankruptcy Code. *In re Chapman,* 431 B.R. 216 (Bankr.D.Minn.2010); *In re Guarin,* 2009 WL 4500476 (Bankr.D.Mass.); *In re Dudley,* 405 B.R. 790 (Bankr.W.D.Va.2009); *In re Ryder,* 2008 WL 3845246 (Bankr.N.D.Cal.); *In re Fox,* 370 B.R. 639 (Bankr.D.N.J.2007).

## A. The Code and Rules

It is clear from the cases cited above that the issue involves the interplay of multiple provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

### 1. The initial Chapter 13 case

A bankruptcy case is commenced by the filing of a petition. Section 301 of the Bankruptcy Code provides that a voluntary bankruptcy case is commenced by the filing of a petition, and that the commencement of the case constitutes an order for relief. 11 U.S.C. § 301.

The duties of a debtor in a bankruptcy case are set forth in § 521 of the Bankruptcy Code. Section 521(a)(1)(B)(v), for example, requires the debtor to file a "statement of the amount of monthly net income, itemized to show how the amount is calculated." 11 U.S.C. § 521(a)(I)(B)(v). Additionally, Rule 1007(b)(6) of the Federal Rules of Bankruptcy Procedure provides:

**(b) Schedules, Statements, and Other Documents Required.**

. . .

(6) *A debtor in a chapter 13 case shall file a statement of current monthly income, prepared as prescribed by the appropriate Official Form,* and, if the current monthly income exceeds the median family income for the applicable state and household size, a calculation of disposable income made in accordance with

§ 1325(b)(3), *prepared as prescribed by the appropriate Official Form.*

Fed.R.Bankr.P. 1007(b)(6)(Emphasis supplied).

The Official Form for Chapter 13 debtors is Form 22C. Part I of Official Form 22C requires the Chapter 13 debtor to report his income based on the "average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case."

Part V of Official Form 22C is entitled "Determination of Disposable Income under § 1325(b)(2)." Section 1325 of the Bankruptcy Code sets forth the confirmation requirements for Chapter 13 Plans. 11 U.S.C. § 1325. For a Chapter 13 Plan to be confirmed over an objection by the trustee or a creditor, the Plan must provide that all of the debtor's projected disposable income will be applied to payments under the Plan. 11 U.S.C. § 1325(b)(1)(B).

### 2. Conversion from Chapter 13 to Chapter 7

Section 1307 of the Bankruptcy Code provides that a Chapter 13 debtor may convert his case to a case under Chapter 7 at any time. 11 U.S.C. § 1307(a).

The effect of a conversion is governed by § 348 of the Bankruptcy Code. Subsections (a) and (b) of § 348 provide:

**11 U.S.C. § 348. Effect of conversion**

(a) *Conversion* of a case from a case under one chapter of this title to a case under another chapter of this title *constitutes an order for relief under the chapter to which the case is converted, but,* except as provided in subsections (b) and (c) of this section, *does not effect a change in the date of the filing of the petition,* the commencement of the case, or the order for relief.

(b) Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), 727(b), 728(a), 728(b), 1102(a), 1110(a)(1),

1121(b), 1121(c), 1141(d)(4), 1146(a), 1146(b), 1201(a), 1221 and 1228(a), 1301(a), and 1305(a) of this title, *"the order for relief under this chapter"* in a chapter to which a case has been converted under section 706, 1112, 1208, or 1307 of this title *means the conversion of such case to such chapter.*

11 U.S.C. § 348(a),(b)(Emphasis supplied).

In addition to the statutory effect of conversion, Rule 1019 of the Federal Rules of Bankruptcy Procedure sets forth the procedural requirements that a debtor must satisfy upon conversion of his case. Rule 1019(1)(A) provides:

**Rule 1019.  Conversion of a Chapter 11 Reorganization Case, Chapter 12 Family Farmer's Debt Adjustment Case, or Chapter 13 Individual's Debt Adjustment Case to a Chapter 7 Liquidation Case**

When a chapter 11, chapter 12, or chapter 13 case has been converted or reconverted to a chapter 7 case:

(1) Filing of Lists, Inventories, Schedules, Statements.

(A) Lists, inventories, schedules, and statements of financial affairs theretofore filed shall be deemed to be filed in the chapter 7 case, unless the court directs otherwise. *If they have not been previously filed, the debtor shall comply with Rule 1007 as if an order for relief had been entered on an involuntary petition on the date of the entry of the order directing that the case continue under chapter 7.*

Fed.R.Bankr.P. 1019(1)(A)(Emphasis supplied).

Rule 1019(1)(A) requires the debtor in a converted case to comply with Rule 1007. Rule 1007 governs the lists, schedules, statements, and other documents that a debtor is required to file.  For Chapter 7 debtors, Rule 1007(b)(4) provides:

**(b) SCHEDULES, STATEMENTS, AND OTHER DOCUMENTS REQUIRED.**

. . .

(4) Unless § 707(b)(2)(D) applies, *an individual debtor in a chapter 7 case shall file a statement of current monthly income prepared as prescribed by the appropriate Official Form,* and, if the current monthly income exceeds the median family income for the applicable state and household size, the information, including calculations, required by § 707(b), prepared as prescribed by the appropriate Official Form.

Fed.R.Bankr.P. 1007(b)(4)(Emphasis supplied).

The Official Form for Chapter 7 debtors is Form 22A. Part II of Official Form 22A is entitled "Calculation of Monthly Income for § 707(b)(7) Exclusion;" Part III is entitled "Application of § 707(b) Exclusion;" Part IV is entitled "Calculation of Current Monthly Income for § 707(b)(2);" and Part VI is entitled "Determination of § 707(b)(2) Presumption."

### 3.  Dismissal of a Chapter 7 case

The provisions for dismissal of a Chapter 7 case, or for conversion of a Chapter 7 case to a case under Chapter 11 or 13, are found in § 707 of the Bankruptcy Code.

Section 707(a), for example, provides that the Court may dismiss a Chapter 7 case for "cause," including unreasonable delay by the debtor that is prejudicial to creditors, or failure of the debtor to file the information required by § 521(1) of the Bankruptcy Code. 11 U.S.C. § 707(a).

Separate grounds for dismissal or conversion of a Chapter 7 case are set forth in § 707(b).

Section 707(b)(2)(A) creates a presumption that the granting of relief would be an abuse of the provisions of Chapter 7 if the debtor's current monthly income, after cer-

tain reductions, exceeds an amount calculated according to the section. 11 U.S.C. § 707(b)(2)(A)(i).

Section 704(b)(1) of the Bankruptcy Code requires the UST to review the documents submitted by a Chapter 7 debtor in order to determine whether the presumption created by § 707(b)(2)(A) arises. Section 704(b)(1) provides:

**11 USC § 704. Duties of trustee**

. . .

(b)(1) With respect to *a debtor who is an individual in a case under this chapter—*

(A) the United States trustee (or the bankruptcy administrator, if any) shall review all materials filed by the debtor and, not later than 10 days after the date of the first meeting of creditors, file with the court a statement as to whether the debtor's case would be presumed to be an abuse under section 707(b).

11 U.S.C. § 704(b)(1)(Emphasis supplied). If a presumption of abuse has arisen, creditors are to receive notice of the presumption pursuant to § 342(d) of the Bankruptcy Code.

**11 USC § 342. Notice**

. . .

(d) In *a case under chapter 7 of this title* in which the debtor is an individual and in which the presumption of abuse arises under section 707(b), the clerk shall give written notice to all creditors not later than 10 days after the date of the filing of the petition that the presumption of abuse has arisen.

11 U.S.C. § 342(d)(Emphasis supplied). Section 348(c) of the Bankruptcy Code provides that the notice requirement of § 342 applies in converted cases:

**11 USC § 348. Effect of conversion**

. . .

(c) *Sections 342* and 365(d) of this title *apply in a case that has been converted* under section 706, 1112, 1208, or 1307 of this title, as if the conversion order were the order for relief.

11 U.S.C. § 348(c)(Emphasis supplied).

Finally, if a case involves primarily consumer debts, § 707(b)(1) provides that the UST may file a motion to dismiss on the grounds that the granting of relief would be an abuse of the provisions of Chapter 7.

**11 USC § 707. Dismissal of a case or conversion to a case under Chapter 11 or 13**

. . .

(b)(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss *a case filed by an individual debtor under this chapter* whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title if it finds that the granting of relief would be an abuse of the provisions of this chapter.

11 U.S.C. § 707(b)(1)(Emphasis supplied). If the motion is based upon a presumption of abuse under § 707(b)(2), the UST must file its statement regarding the presumption and motion to dismiss within the time periods set forth in § 704(b). 11 U.S.C. § 704(b). For converted cases, however, the time period for the UST to file a motion under § 707(b)(2) is governed by Rule 1019(2):

**Rule 1019. Conversion of a Chapter 11 Reorganization Case, Chapter 12 Family Farmer's Debt Adjustment Case, or Chapter 13 Individual's Debt Adjustment Case to a Chapter 7 Liquidation Case**

When a chapter 11, chapter 12, or chapter 13 case has been *converted or reconverted to a chapter 7 case:*

. . .

(2) *New Filing Periods.* A new time period for filing a motion under § 707(b) or (c), . . . shall commence under Rules 1017. . . .

F.R.Bankr.P. 1019(2)(Emphasis supplied). The new time period is measured from the date of the meeting of creditors in the converted case. 11 U.S.C. § 704; Fed. R.Bankr.P. 1017(e).

### B. Section 707(b) applies to converted cases.

■ After evaluating § 707(b) in the context of the statutory provisions and Rules cited above, the Court finds that the abuse analysis under § 707(b) applies not only to cases that were initially filed under Chapter 7, but also to cases that were initially filed under Chapter 13 and later converted to a case under Chapter 7. The Court reaches this conclusion for three primary reasons: (1) the conversion of a Chapter 13 case operates as an order for relief under Chapter 7; (2) upon conversion, the debtor is required to file an Official Form 22A, which includes the Determination of § 707(b)(2) Presumption; and (3) the Bankruptcy Code and Rules establish an intent to apply the abuse analysis after conversion.

### 1. The conversion operates as an order for relief under Chapter 7.

Under § 707(b), the Court may dismiss "a case filed by an individual debtor under this chapter" if "the granting of relief would be an abuse of the provisions of this chapter." The section appears in Chapter 7 of the Bankruptcy Code, and applies only in cases under Chapter 7. 11 U.S.C. § 103(b).

Pursuant to § 348, the conversion of a Chapter 13 case to a case under Chapter 7 constitutes an order for relief under Chapter 7. 11 U.S.C. § 348(a). "Section 348(a) stands for the general proposition that the conversion of a case constitutes the order of relief under the chapter to which the case was converted." *In re Willis,* 408 B.R. at 809. Under § 348, "the original filing *date* is retained upon conversion, but the case is otherwise treated as if the debtor had originally filed under the converted chapter." *In re Kerr,* 2007 WL 2119291, at 3(Emphasis supplied). See also *In re State Airlines. Inc.,* 873 F.2d 264, 268 (11th Cir.1989); *In re Perfetto,* 361 B.R. at 30–31.

Following conversion, a Chapter 7 trustee is appointed under § 701 and § 702 of the Bankruptcy Code, the Chapter 7 trustee administers the estate pursuant to his duties under § 704 of the Bankruptcy Code, property of the estate is distributed under § 726 of the Bankruptcy Code, and the debtor receives his discharge under § 727 of the Bankruptcy Code.

In other words, the conversion order acts as an order for relief under Chapter 7 pursuant to § 348 of the Bankruptcy Code. Upon conversion, all of the debtor's assets and liabilities, together with the debtor's rights and obligations, are administered pursuant to the operating sections of Chapter 7. Since § 707 appeal's in Chapter 7, the Court finds that it applies in converted cases in the same manner that the other sections of Chapter 7 apply in converted cases.

### 2. The debtor is required to file an Official Form 22A upon conversion.

A debtor who files a Chapter 13 case is required to file Official Form 22C. Fed. R.Bankr.P. 1007(b)(6). Official Form 22C is entitled "Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income."

Upon converting his case to a case under Chapter 7, the debtor is required to file Official Form 22A. Fed.R.Bankr.P. 1019(1)(A), 1007(b)(4). Form 22A is entitled "Chapter 7 Statement of Current Monthly Income and Means–Test Calculation."

The requirement to file the additional form is significant because Form 22A serves a different purpose from Form 22C. As the title demonstrates, Form 22C required in Chapter 13 cases is based on § 1325(b)(3) of the Bankruptcy Code, and is used to calculate the debtor's disposable income and commitment period for purposes of his Chapter 13 Plan. Form 22A as required in Chapter 7 cases, however, is based on § 707(b)(2) of the Bankruptcy Code, and is used to calculate the debtor's monthly income for purposes of determining whether the presumption of abuse arises under that section. *In re Boule,* 415 B.R. 1, 4 n. 4 (Bankr.D.Mass.2009).

The Court finds that a debtor in a converted case is required to file Form 22A because of the combined effect of Rule 1019 and Rule 1007(b)(4). Rule 1019 governs the documents that must be filed when a case is converted from Chapter 13 to Chapter 7. Rule 1019(1)(A) provides that a debtor in a converted case is required to comply with Rule 1007 in the event that the documents required by that Rule were not previously filed. Fed. R.Bankr.P. 1019(1)(A).

Rule 1007(b)(4) provides that an individual debtor "in a chapter 7 case" shall file the statement of current monthly income prepared in accordance with Official Form 22A. Fed.R.Bankr.P. 1007(b)(4). By its terms, the Rule applies to all individuals who are debtors in a case being administered under Chapter 7, without regard to whether the case was initially filed under that Chapter.

After considering these Rules, several Courts have expressly concluded that an individual debtor in a converted Chapter 7 case is required to file Form 22A upon conversion. *In re Kellett,* 379 B.R. at 339–40; *In re Kerr,* 2007 WL 2119291, at 4("Each of the debtors in the instant cases is now 'in a chapter 7' and therefore subject to the requirements of Rule 1007(b)(4)"); *In re Perfetto,* 361 B.R. at 31.

Official Form 22A includes the calculation to determine whether the presumption of abuse arises under § 707(b)(2) of the Bankruptcy Code. The Court has considered Rule 1019 and Rule 1007(b)(4) of the Federal Rules of Bankruptcy Procedure, together with the decisions that have evaluated Rule 1019 and Rule 1007(b)(4), and finds that debtors in converted Chapter 7 cases are required to file Official Form 22A upon the conversion of their cases.

**3. The Bankruptcy Code and Rules establish an intent to apply the abuse analysis after conversion.**

Rule 1019 and Rule 1007(b)(4) require an individual debtor in a converted Chapter 7 case to file Official Form 22A and the incorporated Calculation of Current Monthly Income for § 707(b)(2). Additionally, several other provisions of the Bankruptcy Code and Rules also demonstrate that the abuse analysis contained in § 707(b) is intended to apply in converted cases.

Section 704(b)(1) of the Bankruptcy Code, for example, relates to all individual debtors "in a case" under Chapter 7. The section directs the UST to review the documents of Chapter 7 debtors and to file a statement as to whether the presumption of abuse arises under § 707(b). 11 U.S.C. § 704(b)(1).

Additionally, § 342(d) of the Bankruptcy Code directs the clerk to notify creditors in "a case under chapter 7" if the presumption of abuse has arisen under § 707(b). 11 U.S.C. § 342(d).

Neither § 342(d) nor § 704(b)(*l*) are limited to cases initially filed under Chapter 7. Further, § 348(c) of the Bankruptcy Code specifically provides that the notice requirement of § 342 applies in converted cases. 11 U.S.C. § 348(c).

Finally, Rule 1019 of the Federal Rules of Bankruptcy Procedure sets forth the procedures that apply following the conversion of a case from Chapter 13 to Chapter 7. When a case has been converted to Chapter 7, Rule 1019(2) provides for the commencement of a new time period for filing a motion under § 707(b). Fed. R.Bankr.P. 1019(2).

In short, the UST is under a duty to evaluate the documents submitted by individual debtors in Chapter 7 cases, including Official Form 22A entitled "Chapter 7 Statement of Current Monthly Income and Means–Test Calculation." 11 U.S.C. § 704(b)(1). Following the UST's evaluation, § 342(d) and § 348(c) require the clerk to notify creditors in converted cases if the presumption of abuse has arisen under § 707(b). If the UST or another interested party alleges that the case is an abuse of Chapter 7, Rule 1019(2) then provides for a new time period to commence in converted cases for the filing of a motion under § 707(b).

These provisions contain specific procedures for the assertion of abuse in converted cases. Consequently, the Court finds that the Code and Rules establish an intent to apply the abuse analysis of § 707 following the conversion of a case to Chapter 7.

### C. Conclusion

For the foregoing reasons, the Court finds that the abuse analysis under § 707(b) applies not only to cases that were initially filed under Chapter 7, but also to cases that were initially filed under Chapter 13 and later converted to a case under Chapter 7. This conclusion is consistent with the remedial purpose of § 707(b).

In 2005, the landscape for bankruptcy filings dramatically changed. Responding to a growing belief that "bankruptcy relief may be too readily available and is sometimes used as a first resort, rather than a last resort," and the prevalence of "opportunistic personal filings and abuse," Congress enacted BAPCPA in order to require above-median income debtors to make more funds available for the payment of unsecured creditors.

. . .

The centerpiece of the Act is the imposition of a "means test" for Chapter 7 filers, which requires would-be debtors to demonstrate financial eligibility to avoid the presumption that their bankruptcy filing is an abuse of the bankruptcy proceedings.

*Schultz v. United States*, 529 F.3d 343, 346–47 (6th Cir.2008)(quoted in *Justice v. Advanced Control Solutions, Inc.*, 2008 WL 4368668, at 3). If the debtor in a converted case disputes the outcome of the abuse analysis, of course, he may seek to rebut the presumption of abuse by showing the existence of special circumstances under § 707(b)(2)(B).

### II. "Primarily consumer debts"

Pursuant to § 707(b) of the Bankruptcy Code, the Court may dismiss a case filed by an individual debtor under Chapter 7 "whose debts are primarily consumer debts." 11 U.S.C. § 707(b)(*l*). The Debtors in this case contend that they incurred substantial business losses during their operation of a gift shop between 2005 and 2009, and that their case therefore does not fall within the scope of § 707(b)(1).

■ A consumer debt is a "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). The term "primarily" as it appears in § 707(b) means consumer debt that exceeds fifty percent of the total

debt. *In re Baird*, 456 B.R. 112, 118–19 (Bankr.M.D.Fla.2010); *In re Benedetti*, 372 B.R. 90, 92 n. 3 (Bankr.S.D.Fla.2007).

On their schedules, the Debtors in this case listed a home mortgage in the amount of $208,931.00, two personal vehicle loans in the aggregate amount of $60,348.00, priority sales tax liabilities in the amount of $3,215.00, and general unsecured liabilities in the amount of $99,592.25.

The deadline for filing claims in their bankruptcy case was August 12, 2010. Secured claims were filed in the case in the amount of $267,063.26, consisting of the home mortgage in the amount of $206,391.45 and the automobile loans. Additionally, general unsecured claims were filed in the total amount of $81,162.92, and unsecured priority claims were filed in the amount of $2,285.10.

■ The issue therefore turns on whether the Debtor's home mortgage is a consumer debt for purposes of § 707(b). If the home mortgage is consumer debt, the Debtors' consumer debt exceeds fifty percent of their total debt, even if a portion of their unsecured debt arose from the operation of their business. The home mortgage constitutes 56% of the scheduled claims, and 59% of the filed claims.

The home mortgage is consumer debt for purposes of § 707(b). *In re Woodard*, 2009 WL 1651234, at 3 (Bankr. M.D.N.C.)(A "debt secured by a debtor's residence is a consumer debt within the meaning of Section 101(8) of the Bankruptcy Code"); *In re Tindall*, 184 B.R. 842, 844 (Bankr.M.D.Fla.1994)("The secured debt is a note and mortgage for the Debtors' residence, which is a consumer debt"). Accordingly, the Debtors' debts are primarily consumer debts.

■ The Debtors argue that in 2006 to 2009 they operated a small business, Fernandina Beach Winery & Gifts, and that business losses totaling $124,685.00

claimed on their tax returns for those years show that the Debtors' debts are not primarily consumer debts. However, losses that the Debtors incurred prior to the filing of their petition are not necessarily "claims" and are not necessarily included in the calculation of "debt" under the Bankruptcy Code if the losses were not obligations of the Debtors when the case was filed. Section 101(12) of the Bankruptcy Code defines a "debt" as a "liability on a claim." 11 U.S.C. § 101(12). A "claim" is generally defined as a right to payment, 11 U.S.C. § 101(5), and is generally determined "as of the date of the filing of the petition." 11 U.S.C. § 502(b). Consequently, a "loss" that is claimed as a deduction from ordinary income on a debtor's tax return for a tax period prior to the filing of a bankruptcy petition is different than a "debt" under the Bankruptcy Code, and not necessarily included in the computation of consumer debt under § 707(b).

Since the Debtors' home mortgage is a consumer debt, and since their consumer debt exceeds fifty percent of their total debt, the Court finds that the Debtors are individuals whose debts are primarily consumer debts within the meaning of § 707(b) of the Bankruptcy Code.

### Conclusion

The UST filed a Motion to Dismiss the Debtors' converted Chapter 7 case pursuant to § 707(b)(1) of the Bankruptcy Code. Section 707(b) applies to cases that were converted from Chapter 13 to Chapter 7 because (1) the conversion operates as an order for relief under Chapter 7; (2) upon conversion, a debtor is required to file Official Form 22A, which includes the Determination of § 707(b) Presumption; and (3) the Bankruptcy Code and Rules establish an intent to apply the abuse analysis after conversion.

Additionally, in this case the Court finds that the Debtors are individuals whose debts are primarily consumer debts within

the meaning of § 707(b) of the Bankruptcy Code.

Consequently, since the presumption of abuse has arisen under § 707(b)(2), and the presumption was not rebutted by a demonstration of special circumstances under § 707(b)(2)(B), the UST's Motion should be granted. *In re Woodruff,* 416 B.R. 369, 374 (Bankr.D.Mass.2009).

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Dismiss Pursuant to 11 U.S.C. Section 707(b)(1) filed by Donald Walton, the United States Trustee for Region 21, is granted.

2. The Debtors, Michael John St. Jean and Kim Ann St. Jean, may re-convert their case to a case under Chapter 13 of the Bankruptcy Code within twenty-one (21) days of the date of this Order. In the event that the case is not re-converted to a case under Chapter 13, the above-captioned Chapter 7 case shall be dismissed.